IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ARCHIE LEWIS FRAZIER, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-262-D |
| | ) | |
| SCOTT CROW, Director (DOC), | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 13], issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Respondent filed a motion to dismiss the petition for lack of jurisdiction. [Doc. No. 9]. Acknowledging that the Court lacked jurisdiction to consider his successive petition, Petitioner asked the Court to transfer the case to the Tenth Circuit, so that he could seek an order authorizing the district court to consider his second or successive petition. [Doc. Nos. 11, 12]. Judge Mitchell recommended the Court deny Petitioner's motions to transfer and dismiss the petition for lack of jurisdiction. [Doc. No. 13].

Within the time limits authorized by the Court, Petitioner filed objections.[1] Pet'r's Obj. [Doc. Nos. 14, 15]. Accordingly, the Court must make a *de novo* determination of

---

[1] It is clear that Petitioner deposited his objections in the prison mail system before the July 8 deadline because the envelope [Doc. No. 14-1] containing the objections bears a July 7 postmark; thus, the prison mailbox rule is satisfied, and the objections are timely. *See Love v. Daniels*, 549 F. App'x 801, 804 (10th Cir. Dec. 11, 2013) (unpublished) (citing

any portion of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

Before a district court may exercise jurisdiction over a second or successive habeas petition, the appropriate court of appeals must grant authorization. *United States v. Springer*, 875 F.3d 968, 972 (10th Cir. 2017); *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008); 28 U.S.C. § 2244(b)(3)(A).  A district court faced with an unauthorized petition has two options:  (1) it must dismiss the petition, or (2) if it is in the interest of justice, transfer the petition to the circuit court for authorization.  *Springer*, 875 F.3d at 972; *In re Cline*, 531 F.3d at 1252; *see also* 28 U.S.C. § 1631.  "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the Tenth Circuit] for authorization."  *In re Cline*, 531 F.3d at 1252.

Factors the Court considers in deciding whether a transfer is in the interest of justice include (1) whether the action was filed in good faith, or it was clear at the time of filing that the action was filed in the wrong court where jurisdiction was lacking; (2) whether the claims would be time barred if filed anew in the proper forum; and (3) whether the claims alleged are likely to have merit.  *Id*. at 1251.

Comparing Petitioner's first and second petitions, Judge Mitchell concluded that the second petition was not filed in good faith because Petitioner relied on facts fully available

---

*Sorensen v. Tidwell*, 114 F. App'x 266, 267 (8th Cir. Nov. 4, 2004) (unpublished)). Petitioner filed amended objections on July 20, 2020, that mirror his previous objections.

to him at the time he filed his first petition. In response, Petitioner asserts that when he filed the second petition he "believed the Court had discretion to entertain a second application." Pet'r's Obj. [Doc. Nos. 14 at 5; 15 at 6]. Although that may be true, Petitioner offers no reason for why he could not have alleged the involuntariness of his plea to Counts 5 and 6 (possession of a firearm and possession of drug paraphernalia) when he alleged the involuntariness of his plea to Count 9 (heroin trafficking) in his first petition. *See, e.g., Wong Doo v. United States*, 265 U.S. 239, 241 (1924) ("To reserve the proof for use in attempting to support a later petition, if the first failed, was to make an abusive use of the writ of habeas corpus."). The Court concurs with Judge Mitchell that good faith required Petitioner to allege these claims when he filed his first petition. Thus, this factor weighs in favor of denying a transfer.

Judge Mitchell also determined that Petitioner filed his second petition after the one-year statute of limitations had expired. Petitioner asserts that he was unable to file his second petition within the statutory time period because his first petition was still pending. However, the time for filing a federal habeas petition is not tolled during the pendency of a first federal habeas petition. *Duncan v. Walker*, 533 U.S. 167, 172 (2001).

Additionally, Petitioner argues that he is factually innocent, and that he has diligently pursued his claims. The AEDPA's one-year limitations period is subject to equitable tolling, but only "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal citation omitted). Equitable tolling is appropriate

when a petitioner is actually innocent.[2]  *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Further, a petitioner is entitled to equitable tolling if he shows that he has pursued his rights diligently and that some extraordinary circumstance stood in his way of filing a timely petition.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Petitioner's second petition alleges that his guilty plea to the charge of possession of a firearm was not knowingly and intelligently entered because he did not have a preliminary examination on that count.  In Ground Two, Petitioner asserts that his guilty plea to the charge of possession of drug paraphernalia was not knowingly and intelligently entered because it was not included in the information that originally charged him. Petitioner would have been aware if he did not receive a preliminary examination on the firearm charge before he entered his guilty plea.  Likewise, he would have been aware that the other charge was not included in the information.  Certainly, these alleged facts could have been discovered through the exercise of due diligence when Petitioner filed his first habeas petition.  Thus, Petitioner's "lack of diligence precludes equity's operation."  *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005).

Thus, Judge Mitchell's calculations regarding the statute of limitations are correct. Petitioner filed his second habeas petition outside the statute of limitations, and he has not met his burden of showing that he is entitled to equitable tolling. Thus, this factor counsels against a transfer.

---

[2] See discussion *infra* at pp. 5–6 regarding Petitioner's actual innocence claim.

Further, Judge Mitchell concluded that Petitioner's alleged claims were without merit given that he could not make the prima facie showing to satisfy the AEDPA's criteria for second or successive petitions.[3]  Petitioner misconstrues the burden.  *See* Pet'r's Obj. [Doc. Nos. 14 at 8; 15 at 10].  The burden is not on Respondent or the Court to demonstrate by clear and convincing evidence that Petitioner's claims lack merit.  Rather, under § 2244(b)(2), Petitioner must show either (1) that the claim relies on a new rule of constitutional law that the Supreme Court has held applies retroactively, or (2) that the factual predicate for the claim could not have been previously discovered through the exercise of due diligence and the facts supporting the claim are sufficient to prove by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty.  28 U.S.C. § 2244(b)(2).  Judge Mitchell is correct that Petitioner has failed to make such a showing; thus, the Court cannot add further meaningful analysis to that already set forth by Judge Mitchell on this issue.

Additionally, Petitioner misstates the Supreme Court's holding in *McQuiggin v. Perkins*, 569 U.S. 383, 396 (2013), with respect to successive petitions and the miscarriage of justice exception.  With respect to second or successive petitions, the AEDPA modified, and thereby limited, the common-law miscarriage of justice exception.  *See United States v. Williams*, 790 F.3d 1059, 1076 (10th Cir. 2015); *see also United States v. Springer*, 875 F.3d 968, 978–79 (10th Cir. 2017) (concluding that "a miscarriage of justice exception

---

[3] "Section 2244's gate-keeping requirements are jurisdictional in nature, and must be considered prior to the merits of a § 2254 petition."  *Case v. Hatch*, 731 F.3d 1015, 1027 (10th Cir. 2013).

raised in a second or successive petition can succeed only if it comports with the requirements of AEDPA."). Thus, "second-or-successive habeas petitioners attempting to benefit from the miscarriage of justice exception" must meet "a higher level of proof ('clear and convincing') and . . . satisfy a diligence requirement that did not exist prior to AEDPA's passage." *McQuiggin*, 569 U.S. at 396. Here, Petitioner has not made the requisite showing.

## CONCLUSION

Upon *de novo* review, the Court finds that a transfer of this action to the Tenth Circuit is not in the interest of justice. The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 [Doc. No. 1] is **DISMISSED** without prejudice for lack of jurisdiction due to Petitioner's failure to seek an order authorizing the district court to consider his second or successive application for a writ of habeas corpus in accordance with 28 U.S.C. § 2244(b)(3)(A). Judge Mitchell's Report and Recommendation [Doc. No. 13] is **ADOPTED** in its entirety. Petitioner's Motion and Amended Motion to Transfer his Second Habeas Petition to the Tenth Circuit for Authorization [Doc. Nos. 11, 12] are **DENIED**. Respondent's Motion to Dismiss Second or Successive Petition for Writ of Habeas Corpus for Lack of Jurisdiction [Doc. No. 9] is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason

could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is **DENIED**. The denial shall be included in the judgment.

    **IT IS SO ORDERED** this 5th day of August 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge